Scott J. Street (SBN 258962)
JW HOWARD/ATTORNEYS, LTD.
201 South Lake Avenue, Suite 303
Pasadena, CA 91101
Tel.: (213) 205-2800
Email: sstreet@jwhowardattorneys.com

John W. Howard (SBN 80200)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Tel.: (619) 234-2842
Email: johnh@jwhowardattorneys.com

Attorneys for Plaintiff
JULIE JACOBSON-GENTRY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE JACOBSON-GENTRY,<br><br>     Plaintiff,<br><br>  vs.<br><br>COUNTY OF SANTA CLARA,<br><br>     Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF BASED ON VIOLATIONS OF CIVIL RIGHTS LAWS**<br><br>**<u>JURY TRIAL DEMAND</u>** |

///

///

///

///

JW HOWARD/ ATTORNEYS, LTD.
701 B STREET, SUITE 1725
SAN DIEGO, CALIFORNIA 92101

1

COMPLAINT                                                              CASE NO. _____

Plaintiff Julie Jacobson-Gentry, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Ms. Jacobson-Gentry resides in Nevada.

2.      The County of Santa Clara is a municipal organization formed under the laws of the State of California. The masking and vaccine policies discussed below were enacted by County officials pursuant to powers delegated to them by the County's Board of Supervisors. The officials who issued the policies are also final policymakers with respect to public health policy. Therefore, the County's masking and vaccine policies represent an official policy of Santa Clara County.

3.      The unlawful actions alleged below were taken by individuals who worked for the Santa Clara County Assessor's Office and Santa Clara County Employee Relations, including people who oversee equal opportunity relations in the County Counsel's office. They were acting within the course and scope of their employment when carrying out the alleged actions.

4.      The Court has jurisdiction over this case under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, given the federal questions it raises. Venue is proper under 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

5.      Ms. Jacobson-Gentry worked as a senior appraiser for Santa Clara County for ten years, starting in 2012. She was placed on medical leave in August 2021 because, for medical reasons that were supported by her doctor and medical records, she could not comply with the County's mandatory masking policy for public employees. Her medical leave became unpaid administrative leave in November 2021.

6.      Ms. Jacobson-Gentry remained on unpaid leave for nearly a year. During that time, the County also enacted a mandatory COVID-19 vaccination requirement for its employees.

7.      Ms. Jacobson-Gentry submitted a request for religious accommodation

2

COMPLAINT                                                           CASE NO. _____

under the vaccine policy. In it, she expressed her sincerely held objection to vaccination and described ways in which the County could accommodate her beliefs, including through remote work (which was widely available to County employees, including her, during the pandemic) and assigning the few in-person meetings she conducts to other appraisers.

8. The County accepted Ms. Jacobson-Gentry's request but stated that it could only accommodate her if she wore an N-95 mask at all times, something the County knew that, for medical reasons, she could not do. After objecting, the County changed its rules to allow people like Ms. Jacobson-Gentry who work in low-risk roles to wear a different (albeit ineffective) mask or face covering at all times, something that, for medical reasons, Ms. Jacobson-Gentry still could not do for more than 10 minutes.

9. By October 2022, the County had rescinded many of its COVID-19 policies, but it continued to demand that County employees always wear a mask in the workplace. It continued to refuse Ms. Jacobson-Gentry's request for remote work that she believed would allow her to perform the essential functions of her job while accommodating her medical condition.

10. By October 15, 2022, Ms. Jacobson-Gentry could not survive any longer. She had not been paid since August 2021. With the County stubbornly refusing to accommodate her, she was forced to resign.

11. These actions were unlawful. Ms. Jacobson-Gentry had a stellar record. She was a valued employee. Like most employees, she worked remotely for much of the COVID-19 pandemic. Her work product did not suffer. She had a medical condition that prevented her from doing everything the County demanded to return to the office in 2021 and 2022. But she could have continued to work remotely, with minor modifications to her schedule, none of which would have caused undue hardship to the County. The County had a duty under Title VII of the Civil Rights Act

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
SAN DIEGO, CALIFORNIA 92101

3

COMPLAINT                                                                    CASE NO. _____

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
SAN DIEGO, CALIFORNIA 92101

of 1964 and the Americans with Disabilities Act to work with Ms. Jacobson-Gentry, in good faith, to accommodate her condition. It did not do that. As a result, she was forced to resign from a job she loved and to relocate.

12.    The County seems to recognize its errors. In March 2023, Ms. Jacobson-Gentry's former supervisor sent her an email offering her job back pursuant to whatever accommodations she needed. Of course, the County already knew that Ms. Jacobson-Gentry had moved to Nevada and taken a new job (albeit for much less money). Thus, the County's belated offer of re-employment was designed to cover its tracks, to make it look like the County was operating in good faith when, in fact, it wasn't.

13.    If anything, the County's belated offer of re-employment shows just how arbitrary its prior actions were. If the County were able to accommodate Ms. Jacobson-Gentry in March 2023, it could have accommodated her in September 2022 or at any point before that.

14.    Ms. Jacobson-Gentry obtained a right to sue letter from the Equal Employment Opportunity Commission and thus exhausted her administrative remedies.

## FIRST CLAIM FOR RELIEF

### (Violation of Americans with Disabilities Act)

15.    Ms. Gentry incorporates paragraphs 1 through 14 of this Complaint as though set forth fully herein.

16.    Title VII of the Civil Rights Act of 1964, combined with the Americans with Disabilities Act ("ADA"), prohibits discrimination in the workplace based on an actual or perceived disability. The EEOC has interpreted these rules to include protection for an immunological or other medical condition.

17.    Ms. Jacobson-Gentry worked for the County. She had a medical condition, including a history of heart palpitations, chest pressure and trouble

4

COMPLAINT                                                    CASE NO. _____

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
SAN DIEGO, CALIFORNIA 92101

breathing when wearing a mask, that prevented her from taking the COVID-19 vaccines and from wearing a mask or face covering for more than 10 minutes. The County was aware of Ms. Jacobson-Gentry's condition and her need for accommodation, specifically her request for continued remote work and re-assignment of minimal in-person meetings, none of which would have caused undue hardship to the County while allowing her to perform the essential functions of her job. It did not doubt the legitimacy of her claim. But the County made no effort to determine whether Ms. Jacobson-Gentry could continue performing the essential functions of her job remotely and with other minor modifications. It had a policy of only giving accommodations to people who could, and would, wear a mask at all times.

18.     As a result of the County's actions, Ms. Jacobson-Gentry suffered damages in an amount to be proven at trial and which exceeds $75,000. These damages include both financial damages associated with the loss of employment and need to seek other employment and the emotional harm suffered (such as mental anguish, inconvenience, or loss of enjoyment of life). The County's actions were the actual and proximate cause of those damages.

19.     Ms. Jacobson-Gentry should also recover her costs and legal fees.

## SECOND CLAIM FOR RELIEF

### (Violation of Title VII/Failure to Accommodate Religious Beliefs)

20.     Ms. Jacobson-Gentry incorporates paragraphs 1 through 14 of this complaint as though set forth fully herein.

21.     Title VII of the Civil Rights Act of 1964 requires that employers accommodate their employees' religious beliefs and practices so long as the proposed accommodation does not constitute an undue hardship for the employer.

22.     Ms. Jacobson-Gentry worked for the County. She is a Christian. She believes that injecting a vaccine into her body would defile the divine spiritual nature of the body that God gave her. She believes vaccination is contrary to God's will and

5

COMPLAINT                                                                    CASE NO. _____

that she will be punished or judged unfavorably by Him if she disobeys God's will. For that reason, she has generally refused to inject herself with vaccines as an adult, including the COVID-19 vaccine.

23. Ms. Jacobson-Gentry's sincerely held objection to vaccination conflicted with a stated job requirement (mandatory COVID vaccination). The County was aware of this conflict, but it refused to consider the accommodations Ms. Jacobson-Gentry proposed, as alleged above, none of which would have imposed a substantial burden on the County. The County had one accommodation and one accommodation alone: masking at all times. Those who could not meet that requirement—even, as in Ms. Jacobson-Gentry's case, for medical reasons—could not work for the County, regardless of their job. Thus, the County failed to meet its obligation to accommodate Ms. Jacobson-Gentry.

24. As a result of the County's actions, Ms. Jacobson-Gentry was denied an accommodation that she was entitled to under the law. She was constructively discharged, forced to resign and to seek employment elsewhere.

25. As a result of the County's actions, Ms. Jacobson-Gentry suffered damages in an amount to be proven at trial, including damages related to the emotional harm suffered (such as mental anguish, inconvenience, or loss of enjoyment of life). The County's actions were the actual and proximate cause of those damages.

26. Ms. Jacobson-Gentry should also recover her costs and legal fees.

## **PRAYER FOR RELIEF**

Wherefore, Ms. Jacobson-Gentry prays for relief as follows.

1. For compensatory damages and interest in an amount to be proven at trial.

2. For costs and legal fees under the federal civil rights laws.

3. For such other relief as the Court deems proper.

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
SAN DIEGO, CALIFORNIA 92101

COMPLAINT                                                                          CASE NO. _____

DATED:  August 11, 2023          JW HOWARD/ATTORNEYS, LTD.



                                 By:  */s Scott J. Street*
                                     Scott J. Street
                                     Attorneys for Plaintiff
                                     JULIE JACOBSON-GENTRY

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
SAN DIEGO, CALIFORNIA 92101

7

COMPLAINT                                          CASE NO. _____

## JURY TRIAL DEMAND

Ms. Jacobson-Gentry requests a trial by jury on all claims for which it is available.

DATED:  August 11, 2023          JW HOWARD/ATTORNEYS, LTD.


By:      */s Scott J. Street*
         Scott J. Street
         Attorneys for Plaintiffs
         JULIE JACOBSON-GENTRY

JW HOWARD/ ATTORNEYS, LTD.
600 West Broadway, Suite 1400
SAN DIEGO, CALIFORNIA 92101

8

COMPLAINT                                                    CASE NO. _____