UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE JACOBSON-GENTRY,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>COUNTY OF SANTA CLARA,<br><br>　　　　　　Defendant. | Case No. 23-cv-04096-NC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; ORDER DENYING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**<br><br>Re: ECF 99, 106, 110 |

In this civil case, Plaintiff Julie Jacobsen-Gentry alleges that she could not wear a mask because of a medical condition, and that her former employer, Defendant County of Santa Clara, failed to accommodate her and engage in the interactive process when the County required a return to in-person work amid the Covid-19 pandemic.

Before the Court is (1) the County's Motion for Summary Judgment on all issues, and (2) Gentry's Motion for Partial Summary Judgment that she had a FEHA-qualifying medical condition. For the reasons below, the Court GRANTS the County's Motion for Summary Judgment and DENIES Gentry's Motion for Partial Summary Judgment. The Court also DENIES the County's Request for Judicial Notice.

## I. BACKGROUND

### A. Factual Background

Gentry was an employee at Santa Clara County in the County Assessor's Office. TAC ¶ 5.

On June 26, 2020, Gentry sought accommodations from the County's Covid-19 masking policy for times when she was required to come into the office. ECF 108 (Brandwajn Decl.), Ex. E; Brandwajn Decl., Ex. A (Gentry Tr.) 92:12–93:1. Gentry's request included a note from her primary care doctor which stated that Gentry "has a medical condition that makes it hard for her to wear a mask at work." Brandwajn Decl., Ex. F; Brandwajn Decl., Ex. G (Akhtar Tr.) 65:8–66:21. On July 22, 2020, the County held an interactive meeting with Gentry. Brandwajn Decl., Ex. J; Gentry Tr. 115:23–116:19. The County then accommodated Gentry by allowing her to work from home the majority of the time. Brandwajn Decl., Ex. J. It further stated that when she was required to come into the office, the County would space out the limited employees in the office, and Gentry could "hold up a folder/face shield" when walking through public areas. Brandwajn Decl., Ex. J.

On November 9, 2020, Gentry's supervisor wrote to Gentry that "[d]ue to a revised face mask policy," the County was requesting "a note from your physician regarding your ability to wearing a mask." Brandwajn Decl., Ex. L at 2. Gentry then submitted a redacted note from Dr. Gary Ross that stated that "[i]t is medically necessary in her case that she not wear a mask due [to] . . . issues listed above." Brandwajn Decl., Ex. P. After a follow-up interactive meeting on January 29, 2021, the County again accommodated Gentry by allowing her to work from home the majority of the time. Brandwajn Decl., Ex. S. It further stated that it would space out the limited employees in the office, allow Gentry to take personal leave when she was required to work in the office, and arrange for another appraiser to present her hearings for when the mask requirement was in place. *Id.*

In line with the County's requirement, on June 25, 2021, Gentry submitted a third request for reasonable accommodations. Brandwajn Decl., Ex. V. The request included a

redacted June 25, 2021, "update letter" from Dr. Ross that stated, "It continues to be medically necessary in her case that she not wear a mask." Brandwajn Decl., Ex. W; Gentry Tr. 142:8–18. The County asked Dr. Ross for more information and he responded. Brandwajn Decl., Ex. Y, Ex. Z. On August 6, 2021, the County held another interactive meeting with Gentry. Brandwajn Decl., Ex. AA at 5; Gentry Tr. 194:6–22; Brandwajn Decl., Ex. BB (Zertuche Tr.) 50:13–51:25. The County then determined it could no longer accommodate Gentry by allowing her to work remotely. Ex. AA at 5–6. It instead advised that she could exhaust her leave banks and/or apply for State Disability Insurance. *Id.*

Gentry then took paid leave until October 2021 and unpaid leave thereafter. Gentry Tr. 244:5–11. During this time, Gentry requested, and the County explored, reasonable accommodations on religious grounds. Brandwajn Decl., Ex. CC, Ex. DD; *see e.g.,* Gentry Tr. 270:21–272:23.

Throughout and after this entire process, Gentry made plans to leave California, including readying her house for sale and selling it, being in contract for a house in Nevada, arranging for her daughter to go to school in Nevada, and applying for an in-person job in Nevada. Gentry Tr. 23:21–24:1, 31:15–17, 37:3–7, 42:11–44:19, 46:8–47:6, 72:8–73:4, 455:5–456:5; Brandwajn Decl., Ex. HH.

On September 15, 2022, Gentry accepted a job position in Nevada. Gentry Tr. 283:3–284:24. One month later, on October 15, 2022, she resigned from the County claiming her resignation was forced. Brandwajn Decl., Ex. LL at 4, Ex. MM; Gentry Tr. 403:15–17. On February 22, 2023, after the County rescinded its Covid-19 masking requirements, the County unconditionally offered to reinstate Plaintiff. Gentry Tr. 302:24–303:19; Brandwajn Decl., Ex. NN.

### B. Procedural Background

Gentry filed her original complaint on August 11, 2023, a first amended complaint on October 17, 2023, and a second amended complaint on January 24, 2024. ECF 1; ECF 13; ECF 32. Gentry then filed a third amended complaint (TAC) on May 2, 2024. ECF 43 (TAC). The TAC alleged two violations of the California Fair Employment and Housing

3

1  Act (FEHA) for a failure to accommodate disability and a failure to engage in interactive
2  process. *Id.*
3        Gentry moved for partial summary judgment requesting that the Court find that she
4  had a medical condition that triggered FEHA protections. ECF 99. The County opposed.
5  ECF 122. Gentry replied. ECF 125.
6        The County moved for summary judgment on every issue. ECF 106. To support its
7  motion, the County requested judicial notice of 19 exhibits. ECF 110. Gentry opposed at
8  ECF 113, along with a notice of errata for its opposition at ECF 124. The County replied.
9  ECF 127.
10       The Court held a hearing on the parties' cross-motions for summary judgment on
11 August 6, 2025. ECF 132 (Hr'g).
12       Both parties have consented to magistrate judge jurisdiction. ECF 11; ECF 12.

## II.  LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Bald assertions that genuine issues of material fact exist are insufficient. *Galen v. Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007).

The moving party bears the burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings, and, by its own affidavits or discovery, set forth specific facts showing that a genuine issue of fact exists for trial. Fed. R. Civ. P. 56(c); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1004 (9th Cir. 1990) (citing *Steckl v.*

*Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983)). All justifiable inferences, however, must be drawn in the light most favorable to the nonmoving party. *Tolan*, 572 U.S. 651 (citing *Liberty Lobby*, 477 U.S. at 255).

### III.   DISCUSSION

#### A.   The Court Grants the County's Motion for Summary Judgment

The County moves for summary judgment "on each and every issue or part of Plaintiff's two causes of action under the California Fair Employment and Housing Act (FEHA)." ECF 106 at 1. The County argues that "Plaintiff cannot raise a triable issue of fact regarding whether she had a FEHA-qualifying 'medical condition' or 'disability' and thus cannot make out an essential element of her prima facie case." ECF 106 at 1. This is because, the County argues, Gentry (1) has not shown any evidence of a FEHA-qualifying medical condition, and (2) limited the basis of her claims to an underlying "medical condition." ECF 106 at 10. The Court, as explained below, agrees and therefore finds that there is no genuine issue of material fact for both of Gentry's FEHA claims.

##### 1.   Gentry has not shown a genuine issue of material fact that she had a FEHA-qualifying medical condition

As a preliminary matter, to bring a claim for a failure to accommodate disability and a claim for failure to engage in interactive process, a plaintiff must show that he or she has a qualifying medical condition or disability under FEHA. *King v. C&K Mkt., Inc.,* No. 16-cv-00559-TLN-CMK, 2018 WL 934551, at *6 (E.D. Cal. Feb. 15, 2018). A failure to accommodate claim under FEHA requires that "the plaintiff has a disability under the FEHA." *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 907 (E.D. Cal. 2017) (citations omitted); Cal. Gov't Code § 12940(m). The County does not dispute that a "medical condition" can also trigger a failure to accommodate, and some California Courts have accepted a plaintiff's "medical condition" for a failure to accommodate claim. *See, e.g., Swanson v. Morongo Unified School Dist.*, 232 Cal. App. 4th 954, 969 (2014) (accepting a plaintiff's medical condition for a failure to accommodate claim). A failure to engage in interactive process claim under FEHA also requires that the plaintiff shows that he or she

has a "known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n).

Here, because Gentry frames her medical issues that triggered the alleged need for reasonable accommodations as "medical conditions," the Court analyzes whether there is a genuine issue of material fact as to whether she had a medical condition as defined by FEHA. TAC 11; *see also* ECF 99 (asking the Court to find that "the County had notice of Ms. Gentry's medical condition . . . and recognized that it had a duty to accommodate that medical condition"). A FEHA-qualifying "medical condition" is limited to (1) "[a]ny health impairment related to or associated with a diagnosis of cancer or a record or history of cancer" or (2) certain genetic or inherited characteristics. Cal. Gov't Code § 12926(i).

The County met its initial burden under Rule 56 by pointing out that Gentry failed to allege in her TAC that her alleged medical condition is related to a diagnosis of cancer or inherited characteristics such that it would trigger FEHA's protections. ECF 106 at 11. Vague allegations of, for example, having a "documented history of having heart palpitations and a racing heart" without mention of cancer or inherited characteristics is not enough to plausibly allege that Gentry suffers from a qualifying medical condition. *See, e.g.*, ECF 109 (Brandwajn Decl.), Ex. LL at 4–5; *see Ellis v. Parker-Hannifin Corp.*, No. 23-cv-02437-CJC-KESX, 2024 WL 5411195, at *4 (C.D. Cal. Mar. 19, 2024) (finding that alleging that a third party stating that the plaintiff had mood swings and routine appointments at the hospital for mental health reasons was not enough to plausibly allege that the plaintiff suffered from a qualifying mental disability). Further, the County points out testimony from Gentry's medical provider, Dr. Ross, that showed that he believed Gentry's symptoms were "not necessarily" hereditary (i.e., genetic). Brandwajn Decl., Ex. M (Ross Tr.) 74:6–76:12. Gentry did not point to any evidence disputing this in her Opposition brief or other summary judgment briefings. *See* ECF 113.

Gentry attempts to overcome her lack of evidence of a "medical condition" by arguing that the County "should be estopped from questioning her [medical] condition" because it did not deny her accommodations request or "question[] [her] medical condition

6

during the interactive process." ECF 113 at 16–17; *see also* ECF 99 at 9. The Court finds that regardless of whether the County is estopped, Gentry cannot, as a matter of law, conclusorily allege that she had a medical condition under FEHA without citing any authority which stands for the proposition that her "heart palpitations and racing heart" constitutes a medical condition. *See Meintser v. T-Mobile USA, Inc.*, 2024 WL 4289579 (E.D. Cal. Sep. 25, 2024) (finding that the plaintiff could not state a FEHA claim because he did not allege how his religious beliefs constituted a mental or physical disability). Even if the Court assessed the County's alleged lack of questioning of her accommodation request and opening of the interactive process, it is "entirely insufficient" for Gentry to not point to any evidence of a medical condition as defined by FEHA. *Roman v. BRE Props., Inc.*, 237 Cal. App. 4th 1040, 1053 (2015). Although Gentry attempts to differentiate this case from *Roman*, the Court finds that its *Roman's* reasoning is applicable because it was also assessing whether the plaintiff's disability qualified under FEHA at the summary judgment stage. *Id.*

Gentry then attempts to argue that she sufficiently showed a material issue of genuine fact that the duty to accommodate and the duty to engage in interactive process was triggered because they both have a "*notice* standard," and she pointed to evidence that she notified the County of her medical condition. ECF 113 at 15 (emphasis in original); ECF 99 at 8. However, this argument fails as a matter of law for both her failure to accommodate and her failure to engage in interactive process claim.

A failure to accommodate claim under FEHA does not have such a "notice" standard for medical conditions. It can only be triggered if Gentry has a medical condition, is disabled, or is perceived to be disabled—not if the County perceived Gentry to have a medical condition. *See* Cal. Gov't Code § 12926.1 (stating that only the definitions of "physical *disability* and mental *disability*" is construed to include "an actual or perceived physical or mental impairment that is *disabling*, potentially *disabling*, or perceived as *disabling* or potentially *disabling*," emphasis added). Thus, Gentry notifying

7

the County of a vague, non-FEHA-qualifying "medical condition" would not trigger the County's duty to accommodate under FEHA.

While a failure to engage in interactive process claim under FEHA has a "notice" standard in that the duty to engage in the interactive process is triggered when an employee requests an accommodation, several courts have made it clear that this duty occurs only when "the employee is disabled*.*" *Alejandro v. ST Micro Elecs., Inc*., 129 F. Supp. 3d 898, 912 (N.D. Cal. 2015) (citing *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1137 (9th Cir. 2001)). Indeed, Gentry did not cite any authority where an employer was bound to engage in an interactive process with an employee who claimed disability but was neither disabled nor regarded by the employer as disabled. *Hodges v. Cedars-Sinai Med. Ctr.*, 91 Cal. App. 5th 894, 913 (2023). Therefore, here, it is irrelevant as to whether Gentry requested an accommodation for a medical condition because Gentry has not identified a triable material fact as to whether she had a medical condition as defined by FEHA. *See Allos v. Poway Unified Sch. Dist.,* 112 Cal. App. 5th 822 (2025); s*upra* Section III.A.1.

As such, Gentry has not shown a genuine issue of material fact as to whether she had a FEHA-qualifying medical condition that would trigger either a failure to accommodate claim or a failure to engage in the interactive process claim.

### 2. Gentry cannot reframe her medical condition to be a perceived disability

Gentry then presents a new legal theory in her Opposition to the County's Motion for Summary Judgment (and her Reply to the County's Opposition to Gentry's Motion for Partial Summary Judgment) that the County should be held liable because it had notice that her medical condition "affected a major life function" such that it would be a perceived disability under FEHA. ECF 113 at 19; ECF 125 at 4; *see* Cal. Gov't Code § 12926.1. Thus, Gentry argues, the question is whether the County treated Gentry as having a disabling medical condition when it opened the interactive process. ECF 113 at 8; Hr'g.

1  However, the Court bars this argument because Gentry improperly asserted a new
2  legal theory for the first time at the summary judgment stage. *See Corona v. Time Warner*
3  *Cable, Inc.*, No. 13-cv-5521-PSG-VBKX, 2014 WL 11456535, at *4 (C.D. Cal. Oct. 16,
4  2014) (collecting cases in the Ninth Circuit finding that parties cannot assert unpled
5  theories for the first time at the summary judgment stage). "In determining whether a
6  claim raised at summary judgment is 'new' (meaning not adequately pled), it looks to Rule
7  8's 'liberal notice pleading' standard," and thus, to rely on a theory at summary judgment,
8  plaintiffs are "required either (1) to plead the additional [] theory in their complaints, or (2)
9  to make known during discovery their intention to pursue recovery on the [] theory omitted
10 from their complaints." *Strandquist v. Wash. State Dep't of Soc. & Health Servs.*, No. 23-
11 cv-05071-TMC, 2024 WL 4645146, at *16 (W.D. Wash. Oct. 31, 2024); *Corona*, 2014
12 WL 11456535, at *4 (C.D. Cal. Oct. 16, 2014) (quoting *Coleman v. Quaker Oats Co.*, 232
13 F.3d 1271, 1294 (9th Cir. 2000)).

14 Here, this legal theory did not appear in Gentry's TAC pleadings and instead
15 appeared for the first time in Gentry's Opposition to the County's Motion for Summary
16 Judgment. TAC; ECF 113. It is not enough to argue that Gentry had alleged facts in her
17 TAC to support her new theory—the notice pleading standard requires a "factual
18 explanation" that alleges *how* the failure to accommodate occurred. *Corona*, 2014 WL
19 11456535, at *4. Further, Gentry did not make it known during discovery that it was her
20 intention to pursue recovery on this theory. As identified by the County, "Plaintiff has
21 limited the basis of her claims to an underlying 'medical condition'" through her
22 "discovery responses." ECF 106 at 10. Gentry did not dispute this.

23 As such, the Court finds that Gentry limited the basis of her claims to an underlying
24 "medical condition" because she alleged only a "medical condition" in her TAC and
25 discovery responses.

26 In conclusion, because (1) there is no genuine dispute of material fact that Gentry
27 had a medical condition and (2) Gentry is barred from going beyond a medical condition
28 legal theory, the Court finds that she is unable to make a prima facie case of both her

9

failure to accommodate and failure to interactive process claims in her TAC.[1]  As such, the Court GRANTS the entirety of the County's motion for summary judgment.

### B.     The Court Denies Gentry's Motion for Partial Summary Judgment

Gentry "seeks partial summary judgment that the County that she had a medical condition (heart palpitations) that prevented her from complying with the County's mask mandate" that in turn "triggered the County's duty to accommodate her under FEHA." ECF 99 at ii, 11.  The Court, as explained in Section III.A. of this Order, previously found that Gentry does not have a qualifying medical condition under FEHA and could not expand her argument past her original medical condition framing.  Gentry's briefing for her Motion for Partial Summary Judgment does not point to any new evidence or legal analysis that would support that Gentry had a FEHA-qualifying medical condition or that she could reframe her "medical condition" argument.  ECF 99; ECF 125.  Thus, the Court finds that Gentry is not entitled to judgment as a matter of law and DENIES her Motion for Partial Summary Judgment.

### C.     The Court Denies the County's Request for Judicial Notice and Declines to Rule on the County's Objections to Plaintiff's Evidence

The County requested judicial notice of 19 exhibits to support its Motion for Summary Judgment.  ECF 110.  The Court DENIES the County's request for judicial notice because they are not relevant to the Court's decision.

The County also objected to several pieces of Gentry's evidence that supported her motion.  ECF 122 at 16–24.  The Court declines to rule on the County's objections because the objected-to evidence was not material to the disposition of the motion.

---

[1] Because the Court finds that a reasonable jury could not find that Gentry could make a prima facie case for either claim, it declines to address the County's other arguments, including the County's liability under the Public Readiness and Emergency Preparedness Act.

## IV. CONCLUSION

Accordingly, the Court GRANTS the County's Motion for Summary Judgment and DENIES Gentry's Motion for Partial Summary Judgment. The Court also DENIES the County's request for judicial notice.

**IT IS SO ORDERED.**

Dated: September 2, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge